ESCANDON, FERNICOLA, ANDERSON & COVELLI, L.L.C.
301 Main Street, Suite 3
Allenhurst, New Jersey 07711
(732) 663-1920
(732) 663-0011 (fax)
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MIQUENEL ALTIDOR, individually, and MITCHNAIDINE ALTIDOR and ASHLEY ALTIDOR by their *guardian ad litem*, MIQUENEL ALTIDOR <br><br>     Plaintiff, <br><br> vs. <br><br> TOMS RIVER POLICE DEPARTMENT, TOWNSHIP OF TOMS RIVER, SGT. EDMUND MOONEY, PTL. MATTHEW CROSTA, PTL. GARRET HENSHAW, PTL. ANTHONY PACELLA, PTL. PASCEL GAMBARDELLA, JOHN DOE POLICE OFFICERS 1-10, JANE DOE POLICE OFFICERS 1-10, JOHN DOE CHIEF and SUPERVISORS 1-10, (such names being fictitious), ABC POLICE DEPARTMENTS 1-10, ABC COMPANIES 1-10, (such entities being fictitious) <br><br> Defendants. | DOCKET NO. <br><br><br> COMPLAINT AND JURY DEMAND |

## PARTIES

1.   Plaintiff, Miquenel Altidor is an African-American male of Haitian decent and was born on May 15, 1971 and is a male resident of the United States and of the State of New Jersey, and is a resident of this judicial district, residing at 804 Castle Drive, Toms River, New Jersey 08753.

2.   Plaintiffs, Ashley Altidor and Mitchnaidine Altidor, by their *guardian ad litem*, Miquenel Altidor are African-American female children of Haitian decent, born on March 8, 2010 and July 10, 2003 respectively, and are female residents of the United States and of the State of New Jersey, and are residents of this judicial district, residing at 804 Castle Drive, Toms River, New Jersey 08753.

3.   Upon information and belief, at all times herein, Defendant, Sgt. Edmund Mooney was acting under color of law and was authorized to provide public safety and is required to enforce the elements of ordinary prudence and due care in his official duties and was acting as an officer, employee and/or agent of the Toms River Police Department.  He is sued in his individual and official capacity.

4.   Upon information and belief, at all times herein, Defendant, Ptl. Garret Henshaw was acting under color of law and was authorized to provide public safety and is required to enforce the elements of ordinary prudence and due care in his official duties and was acting as an officer, employee and/or agent of the Toms River Police Department.  He is sued in his individual and official capacity.

5.   Upon information and belief, at all times herein,  Defendant, Ptl. Matthew Crosta was acting under color of law and was authorized to provide public safety and is required to enforce the elements of ordinary prudence and due care in his official duties and was acting as an officer,

2

employee and/or agent of the Toms River Police Department. He is sued in his individual and official capacity.

6. Upon information and belief, at all times herein, Defendant, Ptl. Anthony Pacella was acting under color of law and was authorized to provide public safety and is required to enforce the elements of ordinary prudence and due care in his official duties and was acting as an officer, employee and/or agent of the Toms River Police Department. He is sued in his individual and official capacity.

7. Upon information and belief, at all times herein, Defendant, Ptl. Pascel Gambardella was acting under color of law and was authorized to provide public safety and is required to enforce the elements of ordinary prudence and due care in his official duties and was acting as an officer, employee and/or agent of the Toms River Police Department. He is sued in his individual and official capacity.

8. Defendant, Toms River Police Department is a public entity who is authorized to provide public safety and is required to enforce the elements of ordinary prudence and due care in its official duties.

9. Defendant, Township of Toms River is a municipal corporation duly incorporated and authorized under the laws of the State of New Jersey to maintain a police department, the Toms River Police Department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The Township assumes risks incidental to the maintenance of its police force and the employment of its police officers.

3

10. Defendant John Doe Police Officers 1-10 and Jane Doe Police Officers 1-10 are officers who at all times herein were acting under color of law and are authorized to provide public safety and are required to enforce the elements of ordinary prudence and due care in their official duties.

11. Defendant John Doe Chief and Supervisors 1-10 are supervisors who at all times herein were acting under color of law and are authorized to provide public safety and are required to enforce the elements of ordinary prudence and due care in their official duties.

12. Defendant ABC Police Departments 1-10, ABC Companies 1-10 are defendants' employer and are authorized to provide the elements of ordinary prudence and due care.

## JURISDICTION AND VENUE

13. Jurisdiction is proper over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367 as Plaintiff is alleging racial discrimination, among other things in violation of the Civil Rights Act.

14. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) in that the parties are residents of this District and a substantial part of the events giving rise to the claims occurred in this District.

## FACTS COMMON TO ALL COUNTS

15. Plaintiff, Miquenel Altidor, was lawfully in his home with his two daughters, plaintiffs Ashley Altidor, a minor and Mitchnadine Altidor, a minor, and his brother Sosthenes Altidor.

16. On December 28, 2017, after responding to an ADT notice, the Toms River Police Department, and its officers including but not limited to Sgt. Edmund Mooney, Ptl. Matthew Crosta, Ptl. Garret Henshaw, Ptl. Anthony Pacella, and Ptl. Pascel Gambardella, unlawfully

4

entered the home of Miquenel Altidor by knocking down the front door because they had observed his brother, Sosthenes Altidor, a black man on the premises.

17.  Following the unlawful entering of the home of the plaintiff, Miquenel Altidor, the police officers pointed their weapons at Mr. Altidor and his children Ashley and Mitchnadine Altidor.

18. Defendants drew their weapons without provocation or cause.

19. Defendants told Miquenel Altidor he was under arrest without any probable cause.

20. Mr. Altidor, even though unable to grasp the reason for being handcuffed and detained, complied with the officers' request and volunteered to be handcuffed without offering any resistance.

21. However, after Mr. Altidor was handcuffed, he was slammed into the floor by an Officer while he was defenseless.

22. While Mr. Altidor was cuffed on the ground, an officer jammed his knee into Mr. Altidor's neck and back.

23. Defendants continued to strike Mr. Altidor without warning, provocation or cause.

24. Mr. Altidor sustained multiple injuries to his neck, back, chest, shoulders and had aggravations of pre-existing conditions.

25.  Miquenel, Ashley and Mitchnadine Altidor also sustained severe emotional distress and post-traumatic stress disorder.

26. The defendant officers targeted and assaulted Mr. Altidor in part based on racial animus and racial profiling.

27. Mr. Altidor committed no crime.

28. Mr. Altidor was an unarmed and innocent person.

29. Mr. Altidor presented no threat and posed no danger to defendants or the public.

30. Mr. Altidor did not engage in any action that justified the excessive use of any force by defendants, Sgt. Edmond Mooney, Ptl. Matthew Crosta, Ptl. Garret Henshaw, Ptl. Anthony Pacella, and Ptl. Pascel Gambardella.

31.  Mr. Altidor was traumatized, terrified and feared for his life, and thought he was going to die.

32. When the officers were leaving, Mr. Altidor asked that they fix the door they knocked in, and an officer responded, "that's your problem."

33.  Sgt. Edmond Mooney, Ptl. Matthew Crosta, Ptl. Garret Henshaw, Ptl. Anthony Pacella, and Ptl. Pascel Gambardella, Toms River Police Department, Township of Toms River, John Doe Police Officers 1-10, Jane Doe Police Officers 1-10, John Doe Chief and Supervisors 1-10, (such names being fictitious), ABC Police Departments 1-10 and ABC Companies 1-10, (such entities being fictitious) caused Plaintiffs severe, disabling, and permanent physical injuries which required the care and treatment of physicians, hospitalization and medication, have and will in the future require medical treatment, and have and will in the future cause them to refrain from their ability to participate in daily activities and normal pursuits.

34. The unlawful assault and arrest by defendants, Sgt. Edmond Mooney, Ptl. Matthew Crosta, Ptl. Garret Henshaw, Ptl. Anthony Pacella, Ptl. Pascel Gambardella, Toms River Police Department, Township of Toms River, John Doe Police Officers 1-10, Jane Doe Police Officers

1-10, John Doe Chief and Supervisors 1-10, (such names being fictitious), ABC Police Departments 1-10 and ABC Companies 1-10, (such entities being fictitious) under the color of law caused Mr. Altidor to suffer severe and permanent psychological and emotional distress, mental anguish, degradation and public humiliation.

35. The defendants, Sgt. Edmond Mooney, Ptl. Matthew Crosta, Ptl. Garret Henshaw, Ptl. Anthony Pacella, Ptl. Pascel Gambardella, Toms River Police Department, Township of Toms River, John Doe Police Officers 1-10, Jane Doe Police Officers 1-10, John Doe Chief and Supervisors 1-10, (such names being fictitious), ABC Police Departments 1-10 and ABC Companies 1-10, (such entities being fictitious) arrest and assault of Mr. Altidor under the color of law caused him to suffer economic damages.

36. Plaintiff, Mr. Altidor was deprived of his liberty.

37. Mr. Altidor called the Toms River Police Department and the Ocean County Sheriff after the incident to notify their superiors of the illegal actions of the defendants.

38. Sgt. E. Mooney issued a supplemental report stating that the plaintiff was forcibly restrained because he resisted arrest.

39. However, the defendants were not aware that the plaintiff's premises have interior video cameras which captured their unprovoked assault on the plaintiff.

40. Plaintiff filed a timely Notice of Claim.

41. The Notice of Claim was served on the defendants on March 7, 2018.

<u>**COUNT ONE**</u>
**(42 U.S.C. § 1983 Unreasonable and Excessive Force)**

1. Plaintiff, Mr. Altidor, repeats and re-alleges the foregoing paragraphs in the complaint as if same were fully set forth at length herein.

2. Defendants, Sgt. Edmond Mooney, Ptl. Matthew Crosta, Ptl. Garret Henshaw, Ptl. Anthony Pacella Ptl. Pascel Gambardella, John Doe Police Officers 1-10, Jane Doe Police Officers 1-10, and John Doe Chief and Supervisors 1-10, (such names being fictitious) negligent, careless, reckless and intentional acts of assaulting Mr. Altidor and the use of unreasonable and excessive force against him without justification or provocation, showed deliberate indifference for the life and safety of plaintiff, Mr. Altidor.

3. Defendants, Sgt. Edmond Mooney, Ptl. Matthew Crosta, Ptl. Garret Henshaw, Ptl. Anthony Pacella Ptl. Pascel Gambardella, John Doe Police Officers 1-10, Jane Doe Police Officers 1-10, and John Doe Chief and Supervisors 1-10, (such names being fictitious) negligent, careless, reckless and intentional act of conspiring to use excessive force and/or their failure to intervene and prevent the unlawful arrest and/or detention and use of excessive force, showed deliberate indifference for the life and safety of plaintiff, Miquenel Altidor.

4. By their conduct, Defendants, Sgt. Edmond Mooney, Ptl. Matthew Crosta, Ptl. Garret Henshaw, Ptl. Anthony Pacella Ptl. Pascel Gambardella, John Doe Police Officers 1-10, Jane Doe Police Officers 1-10, and John Doe Chief and Supervisors 1-10, (such names being fictitious), under color of law, deprived Plaintiff, Miquenel Altidor of his right to be free from excessive and unreasonable force under the Fourth and Fourteenth Amendment of the United States of the Constitution.

5. As a direct and proximate result of the defendant's misconduct and abuse of authority detailed above, plaintiff, Altidor Miquenel sustained the damages hereinbefore alleged.

## COUNT TWO
### (42 U.S.C. 1981, 1983 Racial Discrimination)

1. Plaintiffs, Ashley Altidor and Mitchnaidine Altidor, by their *guardian ad litem*, Miquenel Altidor and Miquenel Altidor individually, repeat and re-allege the foregoing paragraphs in the complaint as if same were fully set forth at length herein.

2. Defendants, Sgt. Edmond Mooney, Ptl. Matthew Crosta, Ptl. Garret Henshaw, Ptl. Anthony Pacella Ptl. Pascel Gambardella, John Doe Police Officers 1-10, Jane Doe Police Officers 1-10, and John Doe Chief and Supervisors 1-10, (such names being fictitious) acted recklessly and/or intentionally by falsely arresting, detaining and/or imprisoning plaintiffs, Ashley Altidor, Mitchnaidine Altidor, and Miquenel Altidor who were innocent of any wrongdoing.

3. By reason of the foregoing, defendants, Sgt. Edmund Mooney, Ptl. Matthew Crosta, Ptl. Garret Henshaw, Ptl. Anthony Pacella, Ptl. Pascel Gambardella, Toms River Police Department and the Township of Toms River, John Doe Police Officers 1-10, Jane Doe Police Officers 1-10, John Doe Chief and Supervisors 1-10, (such names being fictitious), ABC Police Departments 1-10 and ABC Companies 1-10, (such entities being fictitious) violated 42 U.S.C § 1981, § 1983, and the Fourteenth Amendment of The United States Constitution by depriving plaintiffs of their Constitutional Rights with racial animus.

4. Because of plaintiffs' race, defendants Sgt. Edmund Mooney, Ptl. Matthew Crosta, Ptl. Garret Henshaw, Ptl. Anthony Pacella, Ptl. Pascel Gambardella, John Doe Police Officers 1-10, Jane Doe Police Officers 1-10, John Doe Chief and Supervisors 1-10, (such names being fictitious), ABC Police Departments 1-10 and ABC Companies 1-10, (such entities being fictitious) under color of law, improperly racially profiled, targeted, approached, assaulted and falsely arrested and detained plaintiffs, violating their Constitutional Rights in the manner previously alleged.

5. Defendants, Sgt. Edmund Mooney, Ptl. Matthew Crosta, Ptl. Garret Henshaw, Ptl. Anthony Pacella and Ptl. Pascel Gambardella, conduct was knowingly undertaken with the intent to deny plaintiffs their right to full and equal protection of the law.

6. As a direct and proximate result of defendants Toms River Police Department and the Township of Toms River, failure to supervise defendants, Sgt. Edmund Mooney, Ptl. Matthew Crosta, Ptl. Garret Henshaw, Ptl. Anthony Pacella and Ptl. Pascel Gambardella, which resulted in the misconduct and abuse of authority detailed above, plaintiffs, Ashley Altidor and Mitchnaidine Altidor, by their *guardian ad litem*, Miquenel Altidor and Miquenel Altidor individually sustained the damages hereinbefore alleged.

### COUNT THREE
### (42 U.S.C. § 1983 False Arrest)

1. Plaintiff, Mr. Altidor, repeats and re-alleges the foregoing paragraphs in the complaint as if same were fully set forth at length herein.

2. Defendants, Sgt. Edmond Mooney, Ptl. Matthew Crosta, Ptl. Garret Henshaw, Ptl. Anthony Pacella Ptl. Pascel Gambardella, John Doe Police Officers 1-10, Jane Doe Police Officers 1-10, and John Doe Chief and Supervisors 1-10, (such names being fictitious) acted recklessly and/or intentionally by falsely arresting Mr. Altidor, who was innocent of any wrong doing.

3. By their conduct, defendants, under color of law, deprived Miquenel Altidor of his right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States of America.

4. As a direct and proximate result of defendants' misconduct and abuse of authority detailed above, plaintiff Miquenel Altidor sustained the damages hereinbefore alleged.

## COUNT FOUR
### (42 U.S.C. § 1983 Supervisor Liability)

1. Plaintiffs, Ashley Altidor and Mitchnaidine Altidor, by their *guardian ad litem*, Miquenel Altidor and Miquenel Altidor individually, repeat and re-allege the foregoing paragraphs in the complaint as if same were fully set forth at length herein.

2. Defendants Toms River Police Department and the Township of Toms River had a duty to properly supervise their employees and failed to do so.

3. Defendants, Sgt. Edmund Mooney, and John Doe Chief and Supervisors 1-10 (such names being fictitious) were, at all times relevant herein, supervisory personnel, in the Township of Toms River and Toms River Police Department, with oversight responsibility for defendants Ptl. Matthew Crosta, Ptl. Garret Henshaw, Ptl. Anthony Pacella and Ptl. Pascel Gambardella and others. They were responsible for the training, instruction, supervision, and discipline of the officers who violated Plaintiffs constitutional rights in the manner described above.

4. Defendants, Edmund Mooney, and John Doe Chief and Supervisors 1-10 (such names being fictitious) as supervisory personnel in the Toms River Police Department and the Township of Toms River, owed a duty of care to plaintiffs to prevent the conduct alleged, which foreseeably caused their injuries.

5. The defendants knew, or in the exercise of due diligence should have known, that the inappropriate, unlawful and torturous conduct of defendants Ptl. Matthew Crosta, Ptl. Garret Henshaw, Ptl. Anthony Pacella and Ptl. Pascel Gambardella against plaintiffs was likely to occur.

6. These defendants failed to take preventative and remedial measures to guard against the constitutional violation committed by defendants Ptl. Matthew Crosta, Ptl. Garret Henshaw, Ptl. Anthony Pacella and Ptl. Pascel Gambardella. Had they taken appropriate action, plaintiffs would not have been falsely arrested, assaulted, and injured.

7. The failure of these supervisory defendants to train and supervise Defendants Ptl. Matthew Crosta, Ptl. Garret Henshaw, Ptl. Anthony Pacella and Ptl. Pascel Gambardella amounted to gross negligence, deliberate indifference, or intentional misconduct which directly caused the deprivations suffered by plaintiffs.

8. Defendants Toms River Police Department and the Township of Toms River, as employer of defendants Sgt. Edmond Mooney, Ptl. Matthew Crosta, Ptl. Garret Henshaw, Ptl. Anthony Pacella, Ptl. Pascel Gambardella, John Doe Police Officers 1-10, Jane Doe Police Officers 1-10, John Doe Chief and Supervisors 1-10, (such names being fictitious), ABC Police Departments 1-10 and ABC Companies 1-10, (such entities being fictitious), under the color of law is responsible for their wrongdoing under the doctrine of <u>respondent superior</u>, and the New Jersey Tort Claims Act, <u>N.J.S.A.</u> § 59-2-2, *et seq*.

9. As a direct and proximate result of defendants Toms River Police Department and the Township of Toms River failure to supervise Sgt. Edmond Mooney, Ptl. Matthew Crosta, Ptl. Garret Henshaw, Ptl. Anthony Pacella, Ptl. Pascel Gambardella, which resulted in the misconduct and abuse of authority detailed above, Plaintiffs, Ashley Altidor and Mitchnaidine Altidor, by their *guardian ad litem*, Miquenel Altidor and Miquenel Altidor individually sustained the damages.

<u>**COUNT FIVE**</u>
**(Common Law Assault and Battery)**

1. Plaintiff, Miquenel Altidor, repeats and re-alleges the foregoing paragraphs of the complaint as same were fully set at forth at length herein.

2. In assaulting and injuring plaintiff, Defendants, Sgt. Edmond Mooney, Ptl. Matthew Crosta, Ptl. Garret Henshaw, Ptl. Anthony Pacella Ptl. Pascel Gambardella, John Doe Police Officers 1-10, Jane Doe Police Officers 1-10, and John Doe Chief and Supervisors 1-10, (such names being fictitious), under the color of law acted in their individual and official capacity as Toms River

Police Department officers and within the scope of their employment, committed an unlawful an unwarranted arrest, assault and battery on the plaintiff, Miquenel Altidor.

3. Defendant Toms River Police Department and the Township of Toms River, as employer of Defendants, Sgt. Edmond Mooney, Ptl. Matthew Crosta, Ptl. Garret Henshaw, Ptl. Anthony Pacella Ptl. Pascel Gambardella, John Doe Police Officers 1-10, Jane Doe Police Officers 1-10, and John Doe Chief and Supervisors 1-10, (such names being fictitious), is responsible for their wrongdoing under the doctrine of respondent superior, and the New Jersey Tort Claims Act, N.J.S.A. § 59-2-2, *et seq.*

4. As a direct and proximate result of defendants Sgt. Edmund Mooney, Ptl. Matthew Crosta, Ptl. Garret Henshaw, Ptl. Anthony Pacella, Ptl. Pascel Gambardella, Toms River Police Department and The Township of Toms River, John Doe Police Officers 1-10, Jane Doe Police Officers 1-10, John Doe Chief and Supervisors 1-10, (such names being fictitious), ABC Police Departments 1-10 and ABC Companies 1-10, (such entities being fictitious), which resulted in the misconduct and abuse of authority detailed above, plaintiff, Miquenel Altidor sustained the damages hereinbefore alleged.

## COUNT SIX
### (42 U.S.C. 1983 Common Law False Arrest/Imprisonment)

1. Plaintiff, Miquenel Altidor, repeats and re-alleges the foregoing paragraphs in the complaint as if same were fully set forth at length herein.

2. Defendants, Sgt. Edmund Mooney, Ptl. Matthew Crosta, Ptl. Garret Henshaw, Ptl. Anthony Pacella and Ptl. Pascel Gambardella acted recklessly and/or intentionally by falsely arresting and imprisoning Plaintiff, Miquenel Altidor, who was innocent of any wrongdoing.

3. By their conduct, defendants, under color state of law, deprived Plaintiff, Miquenel Altidor, of his right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments of the United States Constitution.

4. As a direct and proximate result of the defendant's misconduct and abuse of authority detailed above, plaintiff, Miquenel Altidor sustained the damages hereinbefore alleged.

**<u>COUNT SEVEN</u>**
**(New Jersey Law Against Discrimination Act (NJLAD))**
**N.J.S.A. 10:5-2, et seq.**

1. Plaintiffs, Ashley Altidor and Mitchnaidine Altidor, by their *guardian ad litem*, Miquenel Altidor and Miquenel Altidor individually, repeat and re-allege the foregoing paragraphs in the complaint as if same were fully set forth at length herein.

2. Defendants Sgt. Edmund Mooney, Ptl. Matthew Crosta, Ptl. Garret Henshaw, Ptl. Anthony Pacella, Ptl. Pascel Gambardella, Toms River Police Department and the Township of Toms River, John Doe Police Officers 1-10, Jane Doe Police Officers 1-10, John Doe Chief and Supervisors 1-10, (such names being fictitious), ABC Police Departments 1-10 and ABC Companies 1-10, (such entities being fictitious), discriminated against plaintiffs on basis of their race by, among other things, engaging in unlawful racial profiling.

3. Through this conduct, defendants violated the New Jersey Law Against Discrimination Act, N.J.S.A. 10:5-2, et seq.

4. Defendants, Toms River Police Department and the Township of Toms River as Employer of Defendants, Sgt. Edmund Mooney, Ptl. Matthew Crosta, Ptl. Garret Henshaw, Ptl. Anthony Pacella and Ptl. Pascel Gambardella, is responsible for their wrongdoing under the doctrine of <u>respondent superior</u>, LAD, and the New Jersey Tort Claims Act N.J.S.A. 59-2-2, et seq.

4. As a direct and proximate result of the defendants Sgt. Edmund Mooney, Ptl. Matthew Crosta, Ptl. Garret Henshaw, Ptl. Anthony Pacella, Ptl. Pascel Gambardella, Toms River Police Department and the Township of Toms River, John Doe Police Officers 1-10, Jane Doe Police Officers 1-10, John Doe Chief and Supervisors 1-10, (such names being fictitious), ABC Police Departments 1-10 and ABC Companies 1-10, (such entities being fictitious), misconduct and abuse of authority detailed above, Plaintiffs, Ashley Altidor and Mitchnaidine Altidor, by their *guardian ad litem*, Miquenel Altidor and Miquenel Altidor individually sustained the damages hereinbefore alleged.

<u>**COUNT EIGHT**</u>
**(Negligent Hiring)**

1. Plaintiffs, Ashley Altidor and Mitchnaidine Altidor, by their *guardian ad litem*, Miquenel Altidor and Miquenel Altidor individually, repeat and re-allege the foregoing paragraphs in the complaint as if same were fully set forth at length herein.

2. Defendants, Toms River Police Department and Township of Toms River were responsible for recruiting, hiring, training and ongoing supervision of the officers of defendant Toms River Police Department.

3. Upon information and belief, defendant Toms River Police Department and Township of Toms River failed to properly determine the fitness of defendants Sgt. Edmund Mooney, Ptl. Matthew Crosta, Ptl. Garret Henshaw, Ptl. Anthony Pacella and Ptl. Pascel Gambardella to be hired as police officers of defendant, Toms River Police Department to ensure they would not violate Plaintiffs, Ashley Altidor, Mitchnaidine Altidor and Miquenel Altidors' Civil Rights.

4. As a direct and proximate result of the defendants Toms River Police Department and Township of Toms River negligent hiring of the defendants Sgt. Edmund Mooney, Ptl. Matthew Crosta, Ptl. Garret Henshaw, Ptl. Anthony Pacella and Ptl. Pascel Gambardella resulted in the

misconduct and abuse of authority detailed above, plaintiffs, Ashley Altidor and Mitchnaidine Altidor, by their *guardian ad litem*, Miquenel Altidor and Miquenel Altidor sustained the damages hereinbefore alleged.

## COUNT NINE
### (Negligent Training)

1. Plaintiffs, Ashley Altidor and Mitchnaidine Altidor, by their *guardian ad litem*, Miquenel Altidor and Miquenel Altidor individually, repeat and re-allege the foregoing paragraphs in the complaint as if same were fully set forth at length herein.

2. Defendants, Township of Toms River and the Toms River Police Department were responsible for recruiting, hiring, training and ongoing supervision of the officers of defendant Toms River Police Department.

3. Defendants, Township of Toms River and The Toms River Police Department had a duty to properly train the officers of defendant, Toms River Police Department to ensure they did not violate the Constitutional Rights of citizens.

4. Upon information and belief, defendant, Toms River Police Department and the Township of Toms River failed to properly train defendants, Sgt. Edmund Mooney, Ptl. Matthew Crosta, Ptl. Garret Henshaw, Ptl. Anthony Pacella and Ptl. Pascel Gambardella to ensure they did not violate the Constitutional Rights of citizens.

5. As a direct and proximate result of the defendant, Toms River Police Department and the Township of Toms River negligent training of the defendants Sgt. Edmund Mooney, Ptl. Matthew Crosta, Ptl. Garret Henshaw, Ptl. Anthony Pacella and Ptl. Pascel Gambardella, which resulted in the misconduct and abuse of authority detailed above, plaintiffs, Ashley Altidor and Mitchnaidine Altidor, by their *guardian ad litem*, Miquenel Altidor and Miquenel Altidor sustained the damages hereinbefore alleged.

## COUNT TEN
### (Violation of The New Jersey Civil Rights Act)
-N.J.S.A. 10:6-1, et seq.

1. Plaintiffs, Ashley Altidor and Mitchnaidine Altidor, by their *guardian ad litem*, Miquenel Altidor and Miquenel Altidor individually, repeat and re-allege the foregoing paragraphs in the complaint as if same were fully set forth at length herein.

2. Defendants, under the color statute, ordinance, reputation, custom and usage have deprived and caused Plaintiffs Ashley Altidor, Mitchnaidine Altidor and Miquenel Altidor to be subjected to the deprivation of rights, and privileges and immunities secured by the New Jersey Constitution and Law of the State of New Jersey, including their right to liberty, their right to be secure as a person against unreasonable searches and seizures, their right to be secure on their property against unreasonable searches and seizures, their right to be free from unlawful detention and imprisonment and their right to freedom of association secured to them by The New Jersey State Constitution.

3. At no time did Defendants, Sgt. Edmond Mooney, Ptl. Matthew Crosta, Ptl. Garret Henshaw, Ptl. Anthony Pacella Ptl. Pascel Gambardella, John Doe Police Officers 1-10, Jane Doe Police Officers 1-10, and John Doe Chief and Supervisors 1-10, (such names being fictitious) have probable cause or any ground to believe Plaintiff, Miquenel Altidor had committed a crime.

4. Defendants, Sgt. Edmund Mooney, Ptl. Matthew Crosta, Ptl. Garret Henshaw, Ptl. Anthony Pacella and Ptl. Pascel Gambardella acting under color of law, intentionally deprived Plaintiffs, Ashley Altidor and Mitchnaidine Altidor, by their *guardian ad litem*, Miquenel Altidor and Miquenel Altidor individually of their Rights by, inter alia, seizing them, falsely arresting and imprisoning them, using excessive force against them, failing to intervene to prevent the unlawful acts against them and failing to properly hire, train, retain and supervise police officers.

5. Defendants, Township of Toms River and The Toms River Police Department are vicariously liable for the actions of its employees, Sgt. Edmund Mooney, Ptl. Matthew Crosta, Ptl. Garret Henshaw, Ptl. Anthony Pacella and Ptl. Pascel Gambardella who are acting in their official duties.

6. Defendants, Sgt. Edmund Mooney, Ptl. Matthew Crosta, Ptl. Garret Henshaw, Ptl. Anthony Pacella, Ptl and Pascel Gambardella acts were done in knowing violation of Ashley Altidor, Mitchnaidine Altidor and Miquenel Altidors' legal and constitutional rights and have caused them injuries, including physical injury, humiliation, mental pain and suffering and emotional distress.

7. Defendants deprivation of Ashley Altidor, Mitchnaidine Altidor and Miquenel Altidors' Civil Rights violates the New Jersey Constitution and gives rise to their claims for redress under N.J.S.A. 10:6-1, *et seq.*

8. Based on the aforesaid conduct, defendants, acting under color of law, deprived and interfered with by the use of excessive force, intimidation or coercion, the exercise or enjoyment by plaintiffs, Ashley Altidor, Mitchnaidine Altidor and Miquenel Altidor of the rights guaranteed to them by the New Jersey Constitution including, but not limited to:

    a.) The right to enjoy and defend Life and Liberty;

    b.) The right to pursue and obtain safety and happiness;

    c.) The right to pursue Due Process of Law;

    d.) The right to Equal Protection of the laws;

    e.) The right to be secure from unreasonable searches and seizures;

    f.) The right to any other natural and unalienable right retained by the people;

    g.) The right to privacy; and

    h.) The right to be free of cruel and unjust punishment.

9. As a direct and proximate result of the defendants' misconduct and abuse of authority detailed above, plaintiffs, Ashley Altidor and Mitchnaidine Altidor, by their *guardian ad litem*, Miquenel Altidor and Miquenel Altidor sustained the damages hereinbefore alleged.

### COUNT ELEVEN
### (Negligent and Intentional Infliction of Emotional Distress)

1. Plaintiffs, Ashley Altidor and Mitchnaidine Altidor, by their *guardian ad litem*, Miquenel Altidor and Miquenel Altidor individually, repeat and re-allege the foregoing paragraphs in the complaint as if same were fully set forth at length herein.

2. Defendants, Sgt. Edmund Mooney, Ptl. Matthew Crosta, Ptl. Garret Henshaw, Ptl. Anthony Pacella and Ptl. Pascel Gambardella acted intentionally or recklessly with deliberate disregard of a high degree of probability that emotional distress will follow. Defendants' conduct was so extreme and so outrageous in character and degree as to go beyond all possible bound of decency. Defendants conduct was so atrocious, it is utterly intolerable in a civilized community.

3. As a direct and proximate result of the defendants' actions, plaintiffs Miquenel Altidor, Ashley Altidor and Mitchnaidine Altidor, by their guardian ad litem, Miquenel Altidor have suffered and continue to suffer severe and substantial emotional distress and mental harm which no reasonable person could be expected to endure.

**WHEREFORE**, Plaintiffs, Miquenel Altidor, Ashley Altidor and Mitchnaidine Altidor, by their guardian ad litem, Miquenel Altidor demand judgement against the defendants, Sgt. Edmund Mooney, Ptl. Matthew Crosta, Ptl. Garret Henshaw, Ptl. Anthony Pacella, Ptl. Pascel Gambardella, Toms River Police Department and the Township of Toms River, John Doe Police Officers 1-10, Jane Doe Police Officers 1-10, John Doe Chief and Supervisors 1-10, (such names being fictitious), ABC Police Departments 1-10 and ABC Companies 1-10, (such entities being

fictitious) jointly, severally, and alternatively, for compensatory damages, punitive damages, counsel fees, interest, and costs of suit.

## COUNT TWELVE
### (Arrest without a Warrant)

1. Plaintiff, Miquenel Altidor, repeats and realleges the allegations as though the same were fully set forth herein at length.

2. The defendants, while responding to an ADT call, unlawfully entered the home without a warrant and without probable cause, solely based on the suspicion of the Plaintiffs race.

3.  As a direct and proximate result of the negligence of the defendants Sgt. Edmund Mooney, Ptl. Matthew Crosta, Ptl. Garret Henshaw, Ptl. Anthony Pacella and Ptl. Pascel Gambardella, as agents, servants and employees of the defendants Township of Toms River, Toms River Police Department, the plaintiff, was damaged as previously set forth herein at length.

**WHEREFORE**, Miquenel Altidor, Ashley Altidorr and Mitchnaidine Altidor, by their guardian ad litem, Miquenel Altidor demand judgement against the defendants, Sgt. Edmund Mooney, Ptl. Matthew Crosta, Ptl. Garret Henshaw, Ptl. Anthony Pacella, Ptl. Pascel Gambardella, Toms River Police Department and the Township of Toms River, John Doe Police Officers 1-10, Jane Doe Police Officers 1-10, John Doe Chief and Supervisors 1-10, (such names being fictitious), ABC Police Departments 1-10 and ABC Companies 1-10, (such entities being fictitious) jointly, severally, and alternatively, for compensatory damages, punitive damages, counsel fees, interest, and costs of suit.

## COUNT THIRTEEN
### (Punitive Damages)

1.  Plaintiff, Miquenel Altidor, repeats and realleges the allegations of the First through Fifth Count as though the same were fully set forth herein at length.

2.  As a result of the Defendants actions, wanton and willful disregard to plaintiff, Miquenel Altidor resulting in physical and emotional injuries. Defendants actions further caused plaintiff severe and emotional distress.

3.  Pursuant to N.J.S.A. 2A:15-5.12, plaintiff seeks punitive damages against the defendant because the harm suffered by plaintiff was a result of defendant's acts or omissions and such acts or omissions, as noted aforesaid, were actuated by the actual malice or accompanied by the wanton and willful disregard of persons who foreseeably might be harmed by those acts and omissions.

4.  As a direct and proximate result of the defendants' actions, the plaintiff has suffered and continues to suffer from severe mental anguish, emotional distress, and related physical and bodily injury.

**WHEREFORE**, plaintiff, Miquenel Altidor, demands judgment against the defendants, Sgt. Edmund Mooney, Ptl. Matthew Crosta, Ptl. Garret Henshaw, Ptl. Anthony Pacella, Ptl. Pascel Gambardella, Toms River Police Department and the Township of Toms River, John Doe Police Officers 1-10, Jane Doe Police Officers 1-10, John Doe Chief and Supervisors 1-10, (such names being fictitious), ABC Police Departments 1-10 and ABC Companies 1-10, (such entities being fictitious) for punitive damages, interest, attorney's fees, cost of suit and such other relief as the Court may deem just and appropriate.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.      Declare the acts complained of herein to be in violation of the Civil Rights Act.

B.      Enter judgment against the Defendants and in favor of the Plaintiffs in an amount to be determined;

C.      Award compensatory damages to make Plaintiff whole for all lost earnings, earning capacity, and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

D.      Award compensatory damages to Plaintiff for past and present pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiffs have suffered and continue to suffer as a result of Defendants' improper conduct;

E.      Award Plaintiff pre-judgment and post-judgment interest;

F.      Award Plaintiff reasonable attorneys' fees, paralegal fees, expert witness fees and all costs, expenses and disbursements associated with pursuing this action;

G.      Award punitive damages to the Plaintiff under the

H.      Grant such other and further relief to Plaintiff as this Court may deem just, proper, or equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues as permitted by law.


Dated: October 10, 2018                          By: /s/ ROBERT M. ANDERSON

                                                 Escandon, Fernicola, Anderson & Covelli
                                                 Attorney for Plaintiff
                                                 301 Main Street, Suite 3
                                                 Allenhurst, New Jersey 07711